UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRITTNEY FERNANDEZ,

    Plaintiff,

v.                                          Case No:  2:17-cv-564-FtM-38CM

CP SANIBEL, LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Brittney Fernandez's Motion to Remand (Doc. 8) filed on November 10, 2017. Defendant CP Sanibel, LLC filed a Response in Opposition (Doc. 12) on November 21, 2017. The Court will also consider CP Sanibel's Response to its Order to Show Cause (Doc. 11) filed on November 10, 2017. These matters are ripe for review

## **BACKGROUND**

This is a negligence action which originated in state court. (Docs. 1; 2). Fernandez slipped and fell on CP Sanibel's premises, a resort and spa, and suffered bodily injury as a result. (Doc. 2). Fernandez sued CP Sanibel in state court seeking an unspecified amount of damages. (Doc. 1 at ¶ 1). After conducting jurisdictional discovery, CP Sanibel

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

removed the case based on diversity jurisdiction. (Doc. 2). In support of its removal, CP Sanibel provided Fernandez's $100,000 pre-suit demand letter, which listed Fernandez's medical bills amounting to $18,559.01, and Fernandez's discovery responses. (Doc. 1).

Upon *sua sponte* review, the Court determined that CP Sanibel did not meet its burden regarding the amount in controversy. (Doc. 7). The Court issued an Order to Show Cause giving CP Sanibel "an opportunity to provide additional evidence to establish jurisdiction." (Doc. 7). Before CP Sanibel filed a response, Fernandez filed her own Motion to Remand arguing for remand based on her discovery responses. (Doc. 8). CP Sanibel then filed its Response to the Order to Show Cause (Doc. 11) and a Response to the Motion to Remand (Doc. 12). CP Sanibel provided additional medical records illustrating Fernandez's condition and the potential for further treatment. (Docs. 11; 12). After careful review, the Court finds that CP Sanibel failed to meet its burden and remands this action to state court.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and it is to be presumed that a cause lies outside this limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court is required to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *U. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the parties' citizenship is diverse. 28 U.S.C. § 1332. If a defendant removes a case based on diversity jurisdiction, the defendant has the burden to prove by a preponderance of the evidence that the jurisdictional amount is met. *See Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). If any doubt exists

2

about jurisdiction, the Court should resolve it in favor of remand. *U. of S. Alabama*, 168 F.3d at 411.

## DISCUSSION

The only issue before this Court is whether CP Sanibel established the requisite jurisdictional amount. CP Sanibel argues that it has met its burden based on Ferandez's pre-suit demand letter, medical bills, and medical records. (Docs. 11; 12). Fernandez argues that remand is appropriate because she is seeking less than $75,000, and her discovery answers reflects that. (Doc. 8).

As noted in this Court's previous order, a pre-suit demand letter is entitled to little weight unless it is properly supported by medical bills and diagnoses. *See Hernandez v. Burlington Coat Factory of Florida, LLC*, 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. Aug. 20, 2015). The Court previously found that Fernandez's pre-suit demand letter was not supported because the medical bills fell far short of establishing the amount in controversy, and the unspecific injuries did little to support an amount in controversy over $75,000. In response, CP Sanibel provided additional medical records, referenced in the pre-suit demand letter, to support its position.

In sum, the additional medical records establish that future medical treatment is a possibility, and that Fernandez has a permanent impairment rating. Yet the possibility of future medical treatment is based, in part, on Fernandez's failure to improve or potential aggravation of her symptoms or injuries. (Doc. 11-1; 11-2; 11-3). Moreover, the level of care, whether continued chiropractic treatment or even the necessity of surgical intervention, remains uncertain. That level of uncertainty does not lend itself well to a determination as to the amount in controversy.

And to the extent that further medical treatment is necessary, CP Sanibel has not provided evidence or even a theoretical value as to the cost of future care. And this Court may not speculate as to the potential cost of this already uncertain future medical treatment when neither the Notice of Removal nor accompanying documents establish the cost. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007) (finding that "neither defendant nor the court may speculate in an attempt to make up for [a] notice's failings."). Under these specific circumstances, the Court cannot state that the current medical bills coupled with potential future treatment, which has not been quantified, and Fernandez's impairment rating establish the amount in controversy.

And contrary to CP Sanibel's position, Fernandez's discovery responses indicate that she is seeking less than $75,000. While this Court does not find these responses determinative, it considers them one part of the whole, which contributes to the doubt in this case. See *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753-755 (11th Cir. 2010) (finding that courts can consider a wide array of evidence). Because the law favors remand when doubt exists, the Court will grant Fernandez's Motion to Remand and remand this case to state court. See *U. of S. Alabama*, 168 F.3d at 411.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Brittney Fernandez's Motion to Remand (Doc. 8) is **GRANTED.**

(2) The Clerk is directed to **REMAND** this case to the Circuit Court for the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

(3) The Clerk is further directed to **TERMINATE** all pending motions, deadlines, and **CLOSE** this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of December, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record